BRADY, Justice.
This is an appeal from the Circuit Court of Hinds County, Mississippi, wherein the appellant, Jimmy Lee Wilcox, was found guilty of armed robbery and was sentenced to a term of forty-five years in the Mississippi State Penitentiary. From that judgment this appeal is taken.
On January 29, 1970, at approximately 8:00 o’clock p. m., the appellant and another man entered Cupit’s, Inc., a small grocery and variety store located at 5814 Clinton Boulevard, Jackson, Mississippi. One of the men had a small caliber, silver colored, automatic pistol, and the other had a sawed-off shotgun. When the two men entered the store, Mr. James C. Cupit, Jr., the store owner, Roy Ballard, a part-time store employee, Joe Chapman, a part-time store employee, and Jackie Shivers, a young friend of the store employees, were present in the store. The man holding the shotgun was short and stout and had a black scarf around his head which covered his eyebrows and part of one eye but did not prevent his face from being seen. He wore a brown leather coat with stripes. The man holding the pistol was tall and of medium weight and had a lady’s stocking over his head which completely covered his face and prevented it from being seen.
*666 After forcing the two young store employees, Roy Ballard and Joe Chapman, and their young friend, Jackie Shivers, to lie down on the floor and Mr. Cupit to sit down, the two men robbed the cash register of $45. After getting the money, the two robbers ran out of the door, whereupon Mr. Cupit immediately called the police, who arrived ten to fifteen minutes later.
During the robbery Mr. Cupit was seated ten to twelve feet behind the appellant who took the money from the cash register, and twelve to fifteen feet from the other man. Roy Ballard was lying two to two and one-half feet from the man with the pistol and three feet from the appellant who took the money. Joe Chapman was three and a half to four feet away from the man holding the pistol. The appellant, holding the shotgun, with the black scarf tied around his head, was positively identified by all three of these witnesses.
At the trial a sawed-off shotgun was introduced as Exhibit “1” to the testimony of Mr. Cupit and was admitted into evidence over the objection of the appellant on the ground that “it is not relevant and at this time we don’t know where the gun came from.” Mr. Cupit and Joe Chapman both specifically identified the shotgun as the one carried by the appellant at the time of the robbery. The appellant denied having ever owned or seen the shotgun. The wife of the appellant, Fannie L. Wilcox, and the sister of appellant, Shirley Berry, both testified that the appellant was at his home watching television with them the night of the robbery, from 7:00 p. m. to 11:00 p. m.
The appellant admitted knowing Hollo-man, one of the two other men who were in jail as alleged participants in the robbery, but denied knowing the other, Page, whom he said he had seen with Holloman only a few times. Appellant also testified that he had been in this store only once, and that was the preceding Monday while he was waiting for a doctor’s appointment. There was testimony in the record that he had been in the store between 4:00 and 5:00 o’clock the afternoon of the robbery. The appellant denied that he had any part in the robbery and denied that Holloman was driving the appellant’s white 1959 Ford automobile the night of January 29, 1970, as the get-away car while he and Page robbed the store. These factual issues were submitted to a jury which returned a verdict of guilty, and the judge sentenced the appellant to forty-five years in the Mississippi State Penitentiary.
The appellant urges four errors, which actually involve only two issues, the first being that the trial court erred in not entering a directed verdict at the conclusion of the state’s evidence or a peremptory instruction at the end of all the evidence, and the second being that the trial court erred in admitting into evidence the sawed-off shotgun allegedly used by the appellant and in refusing an instruction to the effect that the shotgun introduced into evidence should not be considered in determining the question of guilt of the appellant.
There is no merit in the first error assigned for the reason that the proof in this case abundantly shows that the appellant was positively identified by three persons, who were in the store at the time, as the person who entered the store armed with a shotgun and threatened to kill Mr. James C. Cupit if he moved, and took $45 out of the cash register. The jury was warranted in believing these witnesses and therefore there is no merit in this factual issue which they resolved.
Insofar as the second error is concerned, two witnesses positively testified that the shotgun introduced in evidence was the shotgun used by the appellant in the robbery. No effort was made on the part of the appellant to discredit the testimony of these witnesses, and this testimony was sufficient to justify the introduction of the gun in evidence and the determination by the jury that this gun was used by the appellant in the robbery. It follows, therefore, that there is no merit in the contention *667 that the court erred in refusing the following instruction requested by the appellant:
The Court instructs the jury for the Defendant that the double-barrel shotgun marked as an “Exhibit” to the testimony of Mr. Cupit has not been introduced into this case as evidence against the Defendant and as a matter of law, the shotgun should not be considered in determining a question of guilt of the Defendant.
In this instance it is clearly demonstrated that “The way of the transgressor is hard.”
For the above stated reasons, the judgment is affirmed.
Affirmed.
ETHRIDGE, C. J., and RODGERS, JONES and INZER, JJ., concur.